IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

UNITED STATES OF AMERICA

vs.                                   5:06cr47/RS
                                       5:07cv248/RS/MD

DANIEL LEE HARRIS

## ORDER and
## REPORT AND RECOMMENDATION

Defendant filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. §2255 (doc. 36), the government filed a response (doc. 40), and defendant filed a response (doc. 44). Defendant appeared to raise a single ground for relief, that the government had breached a promise to file a motion for substantial assistance.[1] Although not listed separately as an individual claim for relief, defendant also appeared to allege that counsel had failed to file an appeal as requested. After review of the parties' submissions, the court directed the defendant to file a supplemental affidavit or a notice of withdrawal of his claim that counsel was constitutionally ineffective for his failure to file an appeal. (Doc. 46).

In response to the court's order, defendant filed an affidavit in which he sets forth his version of some of the facts of his case, and states that he wishes to withdraw his motion to vacate, set aside, or correct his sentence. (Doc. 47 at 5). He also specifically asserts that he is withdrawing his motion of his own free will, that he understands that by withdrawing the motion he will not be able to file the motion at a later time for any reason, and repeats his request that the motion be withdrawn. (Doc. 47 at 6). The affidavit was

---

[1] This claim is factually and legally unsupported.

signed before a notary public.  Within his affidavit the defendant also accuses AUSA David Goldberg of lying to and misleading the court about some of the facts of his case and the defendant's criminal history.  (Doc. 47 at 5).   Although not required to do so, the government has filed a response to defendant's request to withdraw his § 2255 motion. (Doc. 48).  The government does not oppose the defendant's request to withdraw his motion, but refutes the defendant's allegations of governmental misconduct and attaches a copy of the defendant's PSR.  Because of the sensitive nature of the information contained within the PSR, the attachment portion of the government's submission should be sealed.

Accordingly, it is ORDERED:

The clerk shall seal the attachment to the government's response (doc. 48).

And it is respectfully RECOMMENDED:

Defendant's request to withdraw his § 2255 motion be granted, and the § 2255 motion (doc. 36) be dismissed.

At Pensacola, Florida, this 13th day of March, 2008.


/s/ *Miles Davis*
**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof.  **Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.**  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings. See 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).

*Case No: 5:06cr47/RS; 5:07cv248/RS/MD*